UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States,<br>    Plaintiff<br>v.<br>David Reyes-Zepeda,<br>    Defendant | 2:13-cr-00078-JAD-VCF<br><br>**Order Denying Motion for Sentence Reduction**<br><br>[ECF 50] |

    On November 25, 2013, I sentenced David Reyes-Zepeda to the mandatory statutory minimum term of 60 months in prison after he pleaded guilty to one count of possession of a firearm during a crime of drug trafficking.[1]  Reyes-Zepeda, now pro se,[2] moves for a sentence reduction under 18 USC § 3582(c)(2), which authorizes a district court to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

    A sentence reduction under § 3582(c)(2) requires a two-step inquiry.[3]  First, the court must determine if the guideline for the defendant's offense was lowered post-sentencing.  If so, the court must then determine whether a reduction is warranted by the § 3553(a) sentencing factors.[4]  Reyes-Zepeda argues that he is entitled to a reduction based on Amendment 782 to the United States Sentencing Guidelines, which became effective almost one year after Reyes-Zepeda was sentenced

---

[1] ECF 48.

[2]  The federal public defender's office successfully moved to withdraw as Reyes-Zepeda's attorney after indicating that it would not be filing a motion or application to reduce sentence on his behalf.  ECF 53, 54.

[3] *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).

[4] *Id.*

and applies retroactively to previously sentenced defendants.[5] Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables in U.S.S.G. §§ 2D1.1 and 2D1.11.

Reyes-Zepeda is not eligible for a sentence reduction because Amendment 782 did not affect his sentencing range.[6] I sentenced Reyes-Zepeda to the mandatory minimum term of 60 months in prison for the gun charge, and all other charges against him were dismissed.[7] Because Amendment 782 did not revise Reyes-Zepeda's statutory mandatory minimum guideline, he would receive the same mandatory five-year term even if he were sentenced post-amendment, so he is not eligible for a sentence reduction.[8] Because Reyes-Zepeda is not eligible for a sentence reduction, I need not consider whether the § 3553 sentencing factors warrant that relief.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant's motion for a sentence reduction **[ECF 50] is DENIED.**

Dated April 4, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[5] U.S.S.G. §§ 1B1.10(d), (e)(1).

[6] *See* 18 U.S.C. § 924(c)(1)(A)(I) (still requiring a mandatory minimum term of five years' imprisonment).

[7] ECF 48.

[8] District courts have "no authority to reduce a sentence" under 18 U.S.C. § 3582(c)(2) when the defendant is sentenced to the statutory mandatory minimum and that mandatory minimum is not affected by an amendment to the Sentencing Guidelines. *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009).